FILED
United States Court of Appeals
Tenth Circuit

June 22, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARTIN GONZALES,

        Petitioner - Appellant,

v.

GEORGE TAPIA, Warden; GARY K.
KING, Attorney General of the State
of New Mexico,

        Respondents - Appellees.

No. 09-2252

(D. New Mexico)

(D.C. No. 1:09-CV-00590-JCH-LFG)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Martin Gonzales, a New Mexico state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the denial of his application under

28 U.S.C. § 2254 for habeas relief. *See* 28 U.S.C. § 2253(c) (requiring COA to

appeal denial of application). Because Mr. Gonzales has failed to make a

substantial showing of the denial of a constitutional right, as required by

§ 2253(c)(2), we deny his request for a COA and dismiss the appeal.

## I.    BACKGROUND

Mr. Gonzales was convicted by a jury in New Mexico state court of 36

counts of first-degree criminal sexual penetration, 25 counts of second-degree

criminal sexual penetration, 61 counts of third-degree criminal sexual contact of a

minor, and 61 counts of second-degree kidnapping. On March 23, 2005, he was sentenced to 873 years' imprisonment, and two years' parole. He appealed, and the New Mexico Court of Appeals affirmed. The New Mexico Supreme Court denied his petition for a writ of certiorari on March 14, 2008.

On June 12, 2009, Mr. Gonzales filed his § 2254 application in the United States District Court for the District of New Mexico. The assigned magistrate judge issued a recommendation that Mr. Gonzales's claims be denied and his application dismissed with prejudice. Mr. Gonzales did not object to the magistrate judge's recommendation, and the district court adopted it on September 14, 2009.

He now seeks a COA on the grounds (1) that he was denied his right to a speedy trial, (2) that he received ineffective assistance of counsel, and (3) that his punishment was cruel and unusual because his sentence was too long and his bond was set too high. With the exception of the bond-related claim, these are the same claims raised in his § 2254 application to the district court and his appeal to the New Mexico Court of Appeals.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation

marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. Therefore, for those of Mr. Gonzales's claims that the New Mexico Court of Appeals adjudicated on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In this case the New Mexico Court of Appeals carefully and thoroughly addressed the issues raised by Mr. Gonzales in this court except for his claim of excessive bail. We do not consider the bail issue, however, because it was not raised in federal district court. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 817 (10th Cir. 2008). And as for the remaining issues, no reasonable jurist could debate the correctness of the magistrate judge's report and recommendation, which granted appropriate AEDPA deference to the state appellate decision. There was no need for an evidentiary hearing on Mr. Gonzales's claims.

We add two comments on procedural matters in this case. First, Mr. Gonzales timely filed his notice of appeal and application for a COA with respect to the district court's judgment of September 14, 2009. The record shows that Mr. Gonzales's notice of appeal was received by the district court on October 14, 2009, within 30 days of the district court's judgment. *See* Fed. R.

App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days). The district court, however, filed the pleadings on October 15. As a result, it appeared that the appeal was untimely, leading to unnecessary confusion and delay. We assume that the court clerk will be taking steps to prevent the recurrence of such errors.

Second, we note that Mr. Gonzales probably waived his right to appeal the district court's judgment by not objecting to the magistrate judge's recommendations. *See Gardner v. Galetka*, 568 F.3d 862, 871 (10th Cir. 2009). But we need not resolve that question because we have determined on the merits that Mr. Gonzales is not entitled to relief.

## III. CONCLUSION

We DENY Ms. Gonzales's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge