**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JIMMY RAY O'KELLEY,

        Petitioner-Appellant,

v.

MIKE HEREDIA, Warden; GARY K.
KING, Attorney General for the State of
New Mexico,

        Respondents-Appellees.

No. 11-2175
(D.C. No. 1:10-CV-00702-JCH-ACT)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Jimmy Ray O'Kelley, a New Mexico state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

---

[*]      This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. O'Kelley is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we deny Mr. O'Kelley's application for a COA and dismiss this matter.

On the night of October 27 and into the morning hours of October 28, 2000, dozens of partygoers were gathered at a Las Cruces, New Mexico, apartment complex. At some point during the party, outside an apartment building, a group of individuals began beating Jose Campos while a man who met the description of Mr. O'Kelley held a gun to Mr. Campos's head, threatening onlookers not to get involved. Hellaman Telles, a friend of Mr. Campos, pleaded with the men to stop the beating. When they continued, Mr. Telles, who was armed, opened fire. The man holding the gun to Mr. Campos's head returned fire.

After the shooting was over, one person was dead and three, including Mr. O'Kelley, were wounded. In a statement to police that morning, Mr. Telles provided a description of the gunman that matched Mr. O'Kelley, stated that he knew Mr. O'Kelley through a mutual friend, and repeatedly referred to Mr. O'Kelley as the man who fired at him.

Meanwhile, Mr. O'Kelley, who had taken a bullet in his right buttock, made his way to a hospital in El Paso, Texas.[2] He gave hospital employees a false name and told them he had been shot at a convenience store that evening. The hospital contacted El

---

[2]    Mr. O'Kelley later testified that he did not go to a Las Cruces hospital because he was on probation and did not want it known that he had attended the party that night.

Paso police, who found Mr. O'Kelley's story suspicious. A Las Cruces officer was summoned to investigate, and Mr. O'Kelley eventually admitted that he had been shot at a party in Las Cruces.

Based on the statement of Mr. Telles, as well as statements of other partygoers whose description of the gunman fit Mr. O'Kelley, Mr. O'Kelley was indicted for first degree kidnapping and aggravated assault of Mr. Campos. He was tried and convicted by a jury in August 2005. His conviction and sentence were affirmed on direct appeal, and the New Mexico Supreme Court declined to review his case. The conviction became final on October 23, 2008.

Mr. O'Kelley sought post-conviction relief in New Mexico state court, which was ultimately denied, and the New Mexico Supreme Court denied certiorari on April 6, 2010. Mr. O'Kelley filed a § 2254 application with the federal district court on July 26, 2010, raising eight grounds for relief:

1. In ground one, Mr. O'Kelley asserted a due process violation based on a discrepancy between the indictment and the crime for which he was tried and convicted. He claimed that he had been indicted for aggravated assault of Hellaman Telles but was ultimately tried and convicted for aggravated assault of Jose Campos. He also asserted that his trial counsel was ineffective for failing to notice the discrepancy.

2. In ground two, Mr. O'Kelley claimed that the evidence was insufficient to support the kidnaping verdict because his alleged restraint of Mr. Campos was "fleeting and incidental."

3. In ground three, Mr. O'Kelley argued that the trial court's admission into evidence of alleged testimonial hearsay—a statement by an El Paso detective concerning what a patrolman told him that Mr. O'Kelley had said—violated the Confrontation Clause of the Sixth Amendment. Mr.

3

O'Kelley also asserted that his appellate counsel did not present this issue, contrary to his wishes.

4. In ground four, Mr. O'Kelley claimed a due process violation based on impermissibly suggestive identification procedures.

5. In ground five, Mr. O'Kelley argued that his trial counsel was ineffective for his failure to call Natalie Mesa as a witness (who allegedly would have given a description of the gunman that did not match Mr. O'Kelley), and for counsel's failure to conduct further investigation and to retain an expert to identify an alternative suspect.[3]

6. In ground six, Mr. O'Kelley set forth a claim of prosecutorial misconduct. He alleged that the prosecutor deliberately elicited testimony from him about prior convictions when he testified at trial, and that certain statements by the prosecutor to the jury were impermissible.

7. In ground seven, Mr. O'Kelley claimed that his trial counsel was ineffective for his failure to object to admission into evidence of a handgun, when counsel had previously entered into a stipulation with the prosecution that the handgun would not be admitted. Mr. O'Kelley also asserted that his appellate counsel did not present this issue, contrary to his wishes.

8. In ground eight, Mr. O'Kelley objected to dismissal by the state court of his petition for post-conviction relief based on what he asserts was an unreasonable determination of the facts.

In a thorough and reasoned opinion, the magistrate judge considered each of the eight stated grounds for relief and recommended that Mr. O'Kelley's § 2254 application be denied and the matter dismissed with prejudice. In a summary order, the district court adopted the magistrate judge's Proposed Findings and Recommended Disposition, denied habeas relief, and dismissed the matter with prejudice. The district court also denied Mr.

---

[3] In connection with this ground, Mr. O'Kelley also asserted that the "cumulative effect" of his counsel's ineffectiveness undermined the reliability of his trial.

O'Kelley a COA.

Mr. O'Kelley now seeks a COA from us to appeal the district court's decision.[4] A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *accord United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011). To obtain a COA, Mr. O'Kelley must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That is, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

We have thoroughly reviewed Mr. O'Kelley's COA application, the magistrate judge's opinion (as adopted by the district court), and the state-court record. For substantially the same reasons endorsed and adopted by the district court, we agree that

---

[4] Mr. O'Kelley raises seven "issues" for our review in his COA application. Issue five in the COA application is an alleged due process violation based on introduction into evidence of an "irrelevant" and "highly prejudicial handgun." *See* Aplt. Combined Opening Br. and Appl. for COA at 13–14. This claim was not articulated in Mr. O'Kelley's original § 2254 application and was not considered by the district court. Thus, even if we were inclined to grant a COA to Mr. O'Kelley, we could not grant it as to issue five. *See Gonzales v. Tapia*, 383 F. App'x 774, 776 (10th Cir. 2010) (declining to consider a claim of excessive bail raised for the first time in a COA application because "it was not raised in federal district court"); *Janoushek v. Watkins*, 265 F. App'x 737, 743 (10th Cir. 2008) (declining to consider a claim of trial error raised for the first time in a COA application because "this claim was not raised before the district court in [the prisoner's] § 2254 petition").

Mr. O'Kelley is not entitled to habeas relief, and we further conclude that reasonable jurists could not debate the correctness of the district court's decision to dismiss Mr. O'Kelley's § 2254 application.

Accordingly, we **DENY** a COA and **DISMISS** this matter.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge