**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RECO EUGENE SELLS

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

    Respondent - Appellee.

No. 17-5036
(D.C. No. 4:14-CV-00139-JED-TLW)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.
_____

State prisoner Reco Sells was convicted of Lewd or Indecent Proposal to a

Child and of Facilitating Sexual Conduct with a Minor by Use of a Computer. The

district court denied his application under 28 U.S.C. § 2254 challenging his

convictions. He seeks a certificate of appealability ("COA") from this court to

appeal that ruling. Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA

and dismiss this matter.[1]

---

    * This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [1] Mr. Sells is proceeding pro se. Although we liberally construe a pro se
litigant's filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we may not
"assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.
2008) (quotations omitted).

The district court's Opinion and Order details the facts leading to Mr. Sells's prosecution and outlines the procedural history of this case, including the direct appeal and post-conviction proceedings in the state courts. We will repeat that information only as necessary.

## I. COA AND AEDPA REVIEW

A prisoner needs a COA to appeal from a district court's denial of a § 2254 habeas application. 28 U.S.C. § 2253(c)(1)(A); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). When a state court has decided the applicant's claim on the merits, we "look to the District Court's application of [the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to [the applicant's] constitutional claims and ask whether that resolution was debatable among jurists of reason." *Id.* at 336.

AEDPA provides that federal courts cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

When, as here, the district court dismissed some of the claims on procedural grounds, we will grant a COA as to those claims only if the applicant can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II. ANTICIPATORY PROCEDURAL BAR AND PROCEDURAL DEFAULT

Mr. Sells listed eight grounds for relief in his § 2254 application. The first ground claimed that his convictions for three of the counts violated double jeopardy, but Mr. Sells did not present this argument to the state courts as to one of the counts. He also did not present his second ground—claiming he was improperly convicted under general rather than specific statutory provisions—to the state courts. The district court denied relief on these claims based on anticipatory procedural bar. An anticipatory procedural bar occurs when "the court to which the petitioner would be required to present his claims in order to [satisfy] the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Mr. Sells has not shown, and we cannot discern, how reasonable jurists would debate the district court's ruling on this basis.

The district court also denied relief on three other grounds[2] because (1) they were not presented to the Oklahoma Court of Criminal Appeals ("OCCA") on direct appeal, (2) the OCCA affirmed the state district court's denial of post-conviction relief because these grounds were procedurally barred under an independent and adequate state ground, ROA Vol. I, Doc. 7-5, and (3) Mr. Sells could not show cause and prejudice for the procedural default or a miscarriage of justice based on factual

---

[2] These grounds claimed violations of the fair trial right, the hearsay rule, and the Fourth Amendment's warrant requirement.

innocence. *See Coleman*, 501 U.S. at 750, 753. We have carefully reviewed the state court rulings on these issues and considered Mr. Sells's arguments, and we cannot say that reasonable jurists would debate the district court's decision on these issues.

## III. **AEDPA REVIEW OF THE REMAINING CLAIMS**

The district court determined that the OCCA had addressed four of Mr. Sells's claims on the merits and, applying AEDPA review, concluded that the OCCA's rejection of those claims was not contrary to or an unreasonable application of clearly established Supreme Court law.[3]

### A. *Double Jeopardy*

On direct appeal, Mr. Sells argued that his convictions under Counts 2 and 3 for Lewd or Indecent Proposal to a Child violated the Double Jeopardy Clause's protection "against multiple punishments for the same offense imposed in a single proceeding." *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (quotations omitted); *see* U.S. Const. amend. V. The OCCA rejected this claim because "[t]he evidence shows the commission of two separate crimes on separate days." ROA Vol. I, Doc. 7-3 at 4-5.

As the district court pointed out, the charged conduct and jury instructions were different for each count, and Mr. Sells failed to show the OCCA's decision was

---

[3] The district court rejected as an improper ground for federal habeas relief Mr. Sells's challenges to his convictions based on alleged error in the application of state law. *See* District Court Order and Opinion at 8-9; ROA Vol. I, Doc. 15. The district court's treatment of these challenges is not reasonably debatable. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding federal habeas relief is not available to correct errors of state law).

contrary to or an unreasonable application of clearly established Supreme Court law. Moreover, the OCCA determined that Mr. Sells committed two crimes under state law. Reasonable jurists would not debate the district court's conclusion that the OCCA's ruling on this issue was reasonable.

## B. *Sufficiency of the Evidence on Entrapment*

The OCCA rejected Mr. Sells's contention that the State failed to prove beyond a reasonable doubt that he was not entrapped. The OCCA reviewed the evidence and determined a rational trier of fact could have found lack of entrapment beyond a reasonable doubt. The district court, applying AEDPA deference, found the OCCA's affirmance was reasonable. Having reviewed the relevant materials, we conclude reasonable jurists would not debate the district court's conclusion.

## C. *Jury Instructions (Two Grounds)*

Mr. Sells made two other claims: (1) the trial court erred in failing to instruct the jury on "sentence entrapment," and (2) Instruction No. 26 was fundamentally unfair and violated due process because it was confusing and reversed the burden of proof. On direct appeal, the OCCA disagreed, holding the evidence did not entitle Mr. Sells to a "sentence entrapment" instruction and that Instruction No. 26 (concerning the involvement of law enforcement in detecting an offense) was clear and valid, a holding the district court found reasonable. We agree with the district

court's conclusion for substantially the same reasons it stated, a conclusion that reasonable jurists would not debate.[4]

## IV. **CONCLUSION**

We deny a COA and dismiss this matter.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[4] In his brief to this court, Mr. Sells contends his counsel was ineffective because he did not obtain evidence that would have been relevant to the case. Aplt. Br. at 2-3, 2-4. We do not consider this argument because it was absent from his § 2254 application. *See* ROA Vol. I, Doc. 1; *Gonzales v. Tapia,* 383 F. App'x 774, 776 (10th Cir. 2010) (unpublished) (declining to consider a claim of excessive bail raised for the first time in a COA application because "it was not raised in federal district court") (cited for persuasive value under 10th Cir. R. 32.1(A)).