FILED
United States Court of Appeals
Tenth Circuit

January 4, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD H. GOODE,

      Defendant-Appellant.

No. 10-2173
(D.C. Nos. 1:08-CV-00666-JB-RHS
and 2:03-CR-02106-JB-1)
(D.N.M.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Donald H. Goode, a federal prisoner proceeding pro se,[1] appeals from the

district court's denial of his motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255.  The district court refused to issue a certificate of

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Goode is proceeding pro se, we construe his filings liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

appealability ("COA"), and Mr. Goode now seeks a COA from this court. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we **DENY** Mr. Goode's application for a COA and **DISMISS** his appeal.

## BACKGROUND

Mr. Goode was convicted by a jury of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On direct appeal, this court upheld his conviction and sentence. *See United States v. Goode*, 483 F.3d 676 (10th Cir. 2007). Mr. Goode then filed a 28 U.S.C. § 2255 motion with the district court, asserting six claims: (1) the district court lacked criminal jurisdiction to entertain his case; (2) the district court erred in denying a continuance; (3) he was denied his right to a speedy trial; (4) he was deprived of his right to testify; (5) he was denied his right to compulsory process for obtaining witnesses; and (6) ineffective assistance of counsel due to the cumulative impact of the multiple deficiencies of his appointed attorneys. The district court denied Mr. Goode's § 2255 motion—through adoption of the magistrate judge's recommendation—holding that all of Mr. Goode's claims either were procedurally barred or were without merit. The district court also refused to grant a COA.

Mr. Goode now seeks a COA from this court, which would allow him to appeal the district court's denial of his § 2255 motion. His combined Application for a COA and Opening Brief on appeal asserts only two claims: (1) that "the

2

evidence [produced at trial] was insufficient to prove beyond a reasonable doubt that the gun was in or affecting interstate commerce," which was an issue this court addressed in Mr. Goode's direct appeal, and (2) that his attorney provided ineffective assistance by failing to file a Rule 29 motion for judgment of acquittal based on the sufficiency of the evidence with regard to the "commerce element" of his offense.[2]  Application/Aplt. Opening Br. at 3–4.

## DISCUSSION

A COA is a jurisdictional prerequisite to this court's review of a § 2255 motion.  28 U.S.C. § 2253(c)(1)(B); *accord Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Allen*, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)).  An applicant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further."  *Dulworth v. Jones*, 496 F.3d 1133, 1136–37 (10th Cir. 2007) (quoting *Miller-El*, 537 U.S. at 327) (internal quotation marks omitted).

---

[2]      The ineffective-assistance-of-counsel claim asserted in Mr. Goode's combined Application for a COA and Opening Brief filed with this court was not included in his ineffective-assistance-of-counsel claims asserted before the district court.

3

In this instance, Mr. Goode has failed to make a substantial showing of the denial of a constitutional right. Mr. Goode failed to raise the two claims presented in his combined Application for a COA and Opening Brief in the district court habeas proceeding, and we generally do not consider claims raised for the first time on appeal. *See United States v. Windrix*, 405 F.3d 1146, 1156 (10th Cir. 2005) (declining to address an issue that the party "did not argue in district court," because "in general we will not consider an argument not raised below," and "he d[id] not argue on appeal that any special circumstance requires us to address this contention despite lack of preservation below"); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider an issue not raised in the district court habeas proceeding "[b]ecause we will generally not consider issues raised on appeal that were not first presented to the district court" (citing *Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir. 1992))). Because Mr. Goode presents these two claims for the first time in his application to this court, and because he has failed to offer any reason why we should exercise our discretion to reach them, we consider those claims to be waived.

Furthermore, Mr. Goode has also waived (i.e., abandoned) the six claims he asserted in his § 2255 motion filed with the district court, as he has failed to raise them in any way on appeal. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003) (concluding that the applicant waived his claim on appeal "because he failed to address that claim in either his application for a COA or his

4

brief on appeal"); *Rhine*, 182 F.3d at 1154 (finding that the petitioner had waived an issue argued before the district court "by not raising it before this court" on appeal). Because all of the claims asserted by Mr. Goode—both before the district court and before this court on appeal—have been waived, he has failed to make a substantial showing of the denial of a constitutional right.

## CONCLUSION

For the reasons set forth above, we **DENY** Mr. Goode's request for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge