FILED
United States Court of Appeals
Tenth Circuit

September 4, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANDRE GRAHAM,

Defendant-Appellant.

No. 13-3165
(D.C. Nos. 5:10-CV-04022-JAR
& 5:07-CR-40048-JAR-1)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

Andre Graham, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's decision construing his

Fed. R. Civ. P. 60(b) motion and motion to amend as unauthorized second or

successive 28 U.S.C. § 2255 motions and dismissing them for lack of jurisdiction.

We deny a COA and dismiss this matter.

In June 2008, Mr. Graham pleaded guilty to possession with intent to

distribute cocaine hydrochloride, and possession of a firearm during and in relation to

a drug trafficking offense. He was sentenced to 144 months' imprisonment.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Graham filed a direct appeal, but then moved to voluntarily dismiss it. After his direct appeal was dismissed, he filed a § 2255 motion. The district court denied the motion, and we denied his request for a COA. *See United States v. Graham*, 429 F. App'x 783, 784 (10th Cir. 2011).

In December 2012, Mr. Graham filed a motion seeking relief under Fed. R. Civ. P. 60(b)(6). In January 2013, he filed a motion for leave to amend his original § 2255 motion. The district court concluded that the 60(b) motion and the motion to amend constituted attempts to file second or successive § 2255 claims without prior authorization and dismissed the motions for lack of jurisdiction. Mr. Graham now seeks a COA to appeal from that decision.

To obtain a COA, Mr. Graham must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215

(10th Cir. 2006). A 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of the federal habeas proceeding," as long as "such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1216.

In his initial § 2255 motion, Mr. Graham asserted that he received ineffective assistance of counsel because of defense counsel's failure to request a competency evaluation. Mr. Graham argued in his 60(b) motion that the district court did not review all of his mental health evidence when it considered this issue in his initial § 2255 motion. In his COA application, he contends that the district court's failure in this regard resulted in a "defect in the integrity of the federal habeas proceeding," and therefore his 60(b) motion was not a second or successive § 2255 motion. COA App. at 9-10. We are not persuaded by Mr. Graham's argument.

As the district court aptly explained:

[I]n spite of Movant's language that suggests this is a true Rule 60(b)(6) motion, Movant is simply challenging the Court's resolution of his earlier claim. Movant does not argue that the Court failed to consider his argument entirely, but rather that the Court ignored some evidence supporting his argument. This amounts to a merits-based attack on the disposition of Movant's prior habeas petition, in that the challenge itself leads inextricably to the merits of the disposition of the prior habeas petition. In substance, if not in form, this filing is a second or successive habeas application.

R., Vol. 1 at 201.

Mr. Graham also argues that the district court erred in construing his motion to amend as a second or successive § 2255 motion. "But the motion [to amend] was

- 3 -

filed after judgment, and we have held that once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) (internal quotation marks omitted). We further explained that a motion to amend to add a new claim that is filed after entry of judgment on the original § 2255 motion should be treated as a second or successive § 2255 motion. *See id.* at 1148-49.

Reasonable jurists could not debate that the district court was correct in its procedural ruling to treat Mr. Graham's 60(b) motion and motion to amend as unauthorized second or successive § 2255 motions and dismiss them for lack of jurisdiction. Accordingly, we deny COA and dismiss this matter.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -