FILED
United States Court of Appeals
Tenth Circuit

December 2, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARTURO DAVID ARMIJO,

    Defendant - Appellant.

No. 08-2183
(D.C. Nos. 07-CV-01121 and
05-CR-01796-RB-1)
(D.N.M.)

ORDER
DENYING CERTIFICATE OF APPEALABILITY

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

    Defendant-Appellant, Arturo David Armijo seeks to appeal from the denial

of his 28 U.S.C. § 2255 motion. Mr. Armijo pled guilty to possession with intent

to distribute 50 grams and more of methamphetamine, 21 U.S.C. §§ 841(a)(1),

(b)(1)(A), and was sentenced to 151 months' and five years' supervised release.

D. Ct. (CR 05-1796) Docket No. 71. His sentence was in part attributable to an

enhancement based upon possession of a firearm. Mr. Armijo waived his right to

appeal his conviction and any sentence within the statutory maximum, as well as

to make any collateral attack pursuant to § 2255, except for ineffective assistance

of counsel. D. Ct. (CR 05-1796) Docket No. 53.

    In his § 2255 motion, Mr. Armijo argued that (1) the district court lacked

subject matter jurisdiction because the statute conferring criminal jurisdiction upon the district courts, 18 U.S.C. § 3231 was not validly enacted, and (2) ineffective assistance of counsel based upon a failure to object to the enhancement based upon a lack of constructive possession of the firearm. He also contends that counsel was ineffective because she allowed the government to breach the plea agreement (the enhancement was not discussed in the plea agreement).

Mr. Armijo's contention that § 3231 was not validly enacted is meritless. See United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). To establish ineffective assistance of counsel, Mr. Armijo must demonstrate deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). He has done neither–the district court noted that it had addressed similar arguments by counsel concerning the firearm enhancement. I R. Doc. 6 at 3; see also D. Ct. (CR 05-1796) Docket No. 59 at 3-4 (objections to PSR on firearm enhancement), No. 68 (sentencing memorandum arguing against enhancement). Plainly, this was a credibility determination by the district court; counsel adequately presented the issue and Defendant cannot show a reasonable probability that an appeal on this issue might have succeeded. See United States v. Sallis, 533 F.3d 1218, 1225-26 (10th Cir. 2008) (noting that government need only prove a temporal and spatial relationship between the weapon, drug trafficking activity and the defendant; thereafter the defendant must satisfy the

district court that it is clearly improbable that the weapon was connected to the offense). Finally, the plea agreement made no mention of the firearm enhancement, but did acknowledge that the district court was required to consider the advisory guidelines in sentencing and also provided that the government reserved the right to make pertinent information known to the Probation Office. D. Ct. (CR 05-1796) Docket No. 53 at 2-3. Under the circumstances, Mr. Armijo's claim concerning ineffective assistance of counsel based upon a breach of the plea agreement is without merit.

We DENY IFP status, a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge