**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRIAN KEITH TONY,

      Defendant - Appellant.

No. 09-2264

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. Nos. 6:07-CV-00950-MV-RHS & 1:03-CR-02063-MV-1 )**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

**O'BRIEN**, Circuit Judge.[*]

---

[*] After examining the briefs and the appellate record, this panel concludes that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is submitted for decision without oral argument.

Brian Keith Tony, a federal prisoner proceeding pro se[1] and *in forma pauperis*, seeks to appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion raising jurisdictional and double jeopardy issues. Because Tony's jurisdictional arguments are incorrect and he has otherwise failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate of appealability (COA) and dismiss this matter.

## I.    BACKGROUND

A federal jury convicted Tony, an Indian, of two counts of assault resulting in serious bodily injury and one count of aggravated burglary, alleged to have been committed within "Indian Country" as defined in 18 U.S.C. § 1151.[2] He was sentenced to 130 months imprisonment. He appealed; we affirmed. *United States v. Tony*, 195 Fed. Appx. 789, 790 (10th Cir. 2006) (unpublished). He then filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging three issues: 1) Title 18, the United States Criminal Code, was not constitutionally enacted and therefore is null and void; 2) the federal court lacked subject-matter jurisdiction because the charged offenses were not committed within Indian Country; and (3) his federal prosecution

---

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] 18 U.S.C. § 1151 reads in pertinent part:

[T]he term "Indian Country" . . . means . . . (a) all land within the limits of any Indian reservation . . . (b) all dependent Indian communities within the borders of the United States . . . and (c) all Indian allotments, the Indian titles to which have not been extinguished . . . .

violated the Double Jeopardy Clause[3] as he had already been acquitted in tribal court of violations of tribal law arising from the same acts. None of these issues were raised in his direct appeal because, as Tony put it in his § 2255 motion, his "[a]ttorney over looked the issue[s]" or "was unaware of them."[4] (R. Vol. 1 at 7, 9, 10, 13.)

The government responded: (1) Tony's arguments were procedurally barred because he did not raise them at trial or in his direct appeal; (2) Title 18 was a valid exercise of congressional authority; (3) the evidence showed the crime was committed in Indian Country and Tony stipulated to that fact at trial; and (4) his federal prosecution was not barred by the Double Jeopardy clause. In reply, Tony asserted the stipulation at trial was "only under the advice of his Counsel, which is now known to have been ineffective advice." (*Id*. at 175.) He also claimed double jeopardy applied because the tribal government and the federal government were "two sovereigns act[ing] as one." (*Id*. at 177.)

The district judge referred the matter to a magistrate judge who filed a report recommending Tony's motion be dismissed (R&R). The magistrate concluded the

---

[3] The double jeopardy clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, is based on the proposition "that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Benton v. Maryland*, 395 U.S. 784, 796 (1969) (citation and quotations omitted).

[4] In his § 2255 motion Tony said nothing else about his attorney – who represented him at trial and on direct appeal. He did not raise an ineffective assistance of counsel claim.

double jeopardy argument was procedurally barred because it was not raised on direct appeal and an "oversight" by Tony's attorney did not establish cause for the failure to raise it. (*Id.* at 303). And, in any event, it was without merit. He concluded the remaining claims were jurisdictional issues which must be addressed (could not be waived or forfeited), but failed on their merits: (1) the argument regarding the validity of Title 18 has repeatedly been rejected by the federal courts; and (2) the argument regarding Indian Country status was based on Tony's erroneous legal assumptions. The magistrate explained Tony's crimes occurred on an "Individual Indian *Allotment*" and were thus within Indian Country. (R. Vol. 1 at 304) (quotations omitted).

Tony made timely objections to the R&R. He made merits objections to the double jeopardy recommendation, and in a frail attempt to avoid the procedural bar created by his failure to raise the issue on direct appeal, he conjured up a new claim of ineffective assistance of trial counsel, alleging his counsel was ineffective for, *inter alia*, failing to argue double jeopardy at trial even though the trial judge invited such an argument during a bench conference.[5] Additionally, without any explanation, he asserted

---

[5] The argument not only is procedurally barred; it is unsupported in the record. At his federal criminal trial, Tony testified he was convicted of theft and criminal trespass in tribal court. At some later point, the trial judge held a bench conference where, Tony alleges, the judge said "this is a double jeopardy and grounds for dismissal." (R. Vol. 1 at 310.) The transcript of his criminal case does not contain the substance of the bench conference. Tony's account of the trial judge's statements rely on what he claims was captured by the real-time transcript on a computer at the defense table. Even if the trial judge made this statement, it does nothing to advance his claim that counsel was ineffective in not pursuing this issue since the trial judge allowed the criminal proceedings to continue.

his attorney should have argued "the land paper showed two different allotment numbers."[6] (R. Vol. 1 at 311.) Tony also objected to the R&R because he had "not given his express consent" for the magistrate judge to consider his § 2255 motion and, therefore, the judge "did not have jurisdiction . . . ." (R. Vol. 1 at 329.)

The district judge overruled all objections. Specifically, she concluded Tony's consent to the referral to the magistrate was unnecessary because the matter had been referred pursuant to 28 U.S.C. § 636(b)(1), which does not require the parties' consent. She adopted the R&R and denied habeas relief.

The district judge also determined Tony's late-blooming ineffective assistance of counsel claims improperly attempted to inject a new theory into the case.[7] Because this attempted amendment of his petition was untimely it constituted an unauthorized second or successive § 2255 motion, which was denied without prejudice.[8] The court also

---

Tony's belated addition of the ineffective assistance of counsel claim exemplifies the ever-evolving nature of his claims.

[6] The government's documents describe the same parcel of land as Allotment 24023 and Allotment 24028. This is an irrelevant diversion. Even assuming the inclusion of two different allotment numbers was not a typographical error, both are Indian Allotments, and therefore Indian Country as defined by 18 U.S.C. § 1151(c).

[7] We have held a district court correctly "treat[ed][a] supplemental [§ 2255] motion as a successive petition instead of as an amendment which related back to his timely [original] motion" where it "was not clarifying, but instead sought to assert claims totally separate and distinct . . . from those raised in [the] original motion." *United States v. Espinoza-Saenz*, 235 F.3d 501, 503, 505 (10th Cir. 2000).

[8] Denying this claim without prejudice, the court alerted Tony of his right to seek authorization from this Court to file a second or successive motion pursuant to 28 U.S.C. § 2255(h). Tony did not appeal from this holding and has not sought authorization to file a second or successive motion. He has made no argument in his COA application that his

denied Tony's request for a COA.

## II.     DISCUSSION

The denial of a 28 U.S.C. § 2255 motion may be appealed  if the district court or this Court issues a COA.  28 U.S.C. § 2253(c)(1)(B).  But a COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted).

A. <u>Federal Jurisdiction</u>

We begin with Tony's claim the federal district court lacked jurisdiction because "[w]ithout jurisdiction the court cannot proceed at all in any cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotations omitted).  "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Id.* (quotations omitted).  The magistrate, quoting *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993), concluded his claims were "jurisdictional issues [which] are never waived and can be raised on collateral attack."  *Cook* cited *Tooisgah v. United States*, 186 F.2d 93, 96 (10th Cir. 1950), for the proposition that jurisdiction can be examined for the first time in a habeas motion.  997 F.2d at 1320.  That proposition is nominally correct, but the term

---

trial counsel was ineffective or that prejudice resulted from a failure to raise issues on appeal.  Nor did he resurrect his ineffective assistance claim in any way.

- 6 -

"jurisdiction" is often misused. *See Steel Co.*, 523 U.S. at 90 ("Jurisdiction, it has been observed, is a word of many, too many, meanings.") (quotations omitted).

We start with the fundamentals. Subject-matter jurisdiction cannot be forfeited or waived "because it involves a court's power to hear a case . . . . Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *United States v. Cotton*, 535 U.S. 625, 630 (2002). But only subject-matter cannot be waived and "in every federal criminal prosecution [subject-matter jurisdiction] comes from 18 U.S.C. § 3231, . . . That's the beginning and the end of the 'jurisdictional' inquiry." *United States v. White Horse*, 316 F.3d 769, 772 (8th Cir. 2003) (quotations omitted).

Section 3231 states in relevant part "The district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States."[9] But Tony's claim is a bit more sophisticated. He argues the federal government was without jurisdiction because Public Law 280, ch. 505, 67 Stat. 588 (1953), divested the federal government of *exclusive* jurisdiction and conferred upon

_____

[9] Tony argued his conviction was invalid because the statute relied upon for district court subject-matter jurisdiction, 18 U.S.C. § 3231, never passed both houses of Congress in 1948 and is thus void. The magistrate and the district judge were undoubtedly correct to reject this argument. *See United States v. Armijo*, 314 Fed. Appx. 113, 114 (10th Cir. 2008) (unpublished) ("Armijo's contention that § 3231 was not validly enacted is meritless."); *see also United States v. Risquet*, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006) ("The 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948. Therefore, the amendments and statutes relied upon for jurisdiction in this case were properly enacted and are binding.") (quotations omitted). Tony does not request a COA on this issue.

certain states, known as the "mandatory states," jurisdiction over all criminal offenses committed by or against Indians in defined portions of Indian Country. *See* 18 U.S.C. § 1162(a), (c). It gave other states the option to assume jurisdiction over Indian Country by affirmative legislative action. *See* § 7 of Pub. L. No. 280, 67 Stat. at 590, *repealed by* Pub. L. No. 90-284, § 403(b), 82 Stat. 79 (1968). This law was amended in 1968 to eliminate the requirement of affirmative legislative action and to require the consent of the Indian tribe by special election before a state could assume jurisdiction. *See* Pub. L. No. 90-284, §§ 401(a), 406, 82 Stat. 78, 80 (1968), codified at 25 U.S.C. §§ 1321(a), 1326. However, we need not decide, or even discuss, whether those statutes stripped the federal district courts of subject-matter jurisdiction or made federal jurisdiction concurrent with state courts. This is because New Mexico was not one of the states originally identified in Public Law 280, and it has not assumed criminal jurisdiction over Indian Country. *See State v. Atcitty*, 215 P.3d 90, 94 (N.M. App. 2009). The district court had jurisdiction. 18 U.S.C. § 3231. Nevertheless, Tony has yet another jurisdictional argument.

Tony points to 18 U.S.C. § 1153(a), which grants the federal government exclusive jurisdiction to prosecute Indians who commit certain crimes occurring within Indian County,[10] including assault resulting in serious bodily injury and burglary. He contends his crimes did not occur in Indian Country, therefore the district court lacked subject-matter jurisdiction. The district court rejected this claim on the merits,

---

[10] See infra n.2.

concluding the crime did occur in Indian Country.  It should not have reached the merits, however, because Tony's claim does not touch on subject-matter jurisdiction and was thus waived when Tony failed to raise it on direct appeal.

The Indian Country nexus, like other similar nexuses in the context of federal crimes, has been called a "jurisdictional element" but it is "'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime."  *United States v. Martin*, 147 F.3d 529, 531-32 (7th Cir. 1998); *see also United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001) (en banc) ("If the Government alleged, but failed to prove [the proper ethnic status of the defendant and his victim], we would not say the district court was deprived of subject matter jurisdiction to hear the case; rather we would say Defendant was entitled to acquittal.", *overruled on other grounds by United States v. Cotton*, 535 U.S. 625, 631 (2002)).  The absence of a required element "is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case."  *Prentiss*, 256 F.3d at 982 (quotations omitted).

To obtain a conviction, the government was required to plead and prove the crime occurred in Indian Country.  Failure to do so would not remove subject-matter jurisdiction.  *See id.* ("Elements of the crime of arson in Indian country . . . are jurisdictional only in the sense that in the absence of those elements, no federal crime exists."); *United States v. Gardner*, 244 F.3d 784 (10th Cir. 2001) (whether an individual is an "Indian" or a "non-Indian" is not an essential element of jurisdiction but rather an element of the crime charged); *United States v. Pemberton*, 405 F.3d 656, 659 (8th Cir.

2005) (insufficient factual basis to conclude defendant was an Indian under § 1153(a) did not eliminate subject-matter jurisdiction); *White Horse*, 316 F.3d at 772 (dispute over interstate nexus); s*ee also United States v. Tush*, 287 F.3d 1294, 1297 (10th Cir. 2002) (the required nexus with interstate commerce required by 18 U.S.C. § 844(i) is an "essential element of the crime" not "a jurisdictional requirement"); *Hugi v. United States*, 164 F.3d 378, 380-81 (7th Cir. 1999) ("A link to interstate commerce may be essential to Congress's substantive authority, but the existence of regulatory power differs from the subject-matter jurisdiction of the courts.") (citation omitted)). Tony's claim is really an insufficiency of the evidence argument and was waived when he failed to raise it on direct appeal. He presents no cause excusing the omission other than his belated ineffective assistance of counsel claim.

Even if Tony's argument is not insufficiency of the evidence, but rather that the indictment failed to state a crime, waiver still applies. Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure provides: "[A]t any time *while the case is pending*, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." (Emphasis added.) In this Circuit a case is "pending" during an appeal. *See United States v. Sinks*, 473 F.3d 1315, 1321 (10th Cir. 2007). But if Tony is asserting the indictment failed to state an offense, it is untimely when raised for the first time in a § 2255 motion. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (rejecting, without considering merits, a Rule 12(b)(3)(B) post-judgment challenge to the indictment within a § 2255 motion because it was untimely under Fed. R. Cr. P. Rule 12(e)); *see also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir.

- 10 -

2008) (claim that information failed to state an offense fails in § 2255 motion because case is not "pending" after conviction which was not appealed).[11]

B. Double Jeopardy

An Indian defendant is not subject to double jeopardy when the federal government tries him on a federal offense after he is tried in a tribal prosecution on a similar tribal offense arising out of the same conduct. *United States v. Lara*, 541 U.S. 193, 210 (2004). Regardless, Tony argues his federal prosecution, which followed an unsuccessful prosecution in tribal court, amounts to a violation of the Double Jeopardy Clause because the Indian authorities turned him over to federal authorities for federal prosecution. We need not consider this argument. Tony neither raised this issue during his trial proceedings, nor on direct appeal. "[O]nce a defendant has been convicted, his final judgment commands respect and a § 2255 action cannot supplant an appeal . . . ." *United States v. Khan,* 835 F.2d 749, 753 (10th Cir. 1987) (quotations omitted).

---

[11] In any event, Tony's claim is without merit. Here, the trial court relied upon the definition of Indian Country found at 18 U.S.C. § 1151*(c)* which includes "all Indian allotments, the Indian titles to which have not been extinguished . . . ." *See also Solem v. Bartlett*, 465 U.S. 463, 467 n.8 (1984) ("Federal and tribal courts have exclusive jurisdiction over those portions of the opened lands that were and have remained Indian allotments."); *Cheyenne-Arapaho Tribes of Okla. v. Oklahoma*, 618 F.2d 665, 667 (10th Cir. 1980) ("Section 1151(c) explicitly includes Indian allotments within Indian Country."). At Tony's criminal trial, the government introduced evidence identifying the location of the crimes using Global Positioning System (GPS) coordinates and Bureau of Indian Affairs survey maps. Both the federal government and the Navajo tribal government identified that location as part of an Individual Indian Allotment and Tony stipulated to this fact at trial. Tony does not point to any evidence that suggests the allotment was invalid or Indian title to the land was extinguished. Thus, Tony has not shown the crimes did not occur within Indian Country as defined by § 1151(c).

The district court erred in reaching the merits of Tony's claims – the jurisdictional arguments are without merit and the other claims are procedurally barred. But Tony was not harmed – the district court afforded him too much, not too little. He has failed to make a substantial showing of the denial of a constitutional right. We **DENY** his request for a COA and **DISMISS** this matter.