FILED
United States Court of Appeals
Tenth Circuit

February 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BRANDON L. BAUM,

Defendant–Appellant.

No. 11-6105
(D.C. No. 5:06-CR-00264-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

Defendant Brandon L. Baum, a federal prisoner appearing pro se, appeals

the denial of his 28 U.S.C. § 2255 petition. Exercising jurisdiction under

28 U.S.C. §§ 1291 and 2253(c)(2), we affirm on the issue for which the district

court granted a certificate of appealability ("COA") and deny Baum's application

for a COA on the remaining issue.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In April 2007, Baum was convicted on six counts of wire fraud and seven counts of money laundering. He was sentenced to eighty-seven months' imprisonment on each count, to run concurrently. We affirmed his convictions and sentence on appeal. United States v. Baum, 555 F.3d 1129, 1136 (10th Cir. 2009).

Baum subsequently filed a petition under 28 U.S.C. § 2255. In his habeas petition, Baum asserted that his trial and appellate counsel provided constitutionally deficient performance under Strickland v. Washington, 466 U.S. 668 (1984). Baum first contended that his trial and appellate counsel failed to argue that his money laundering convictions under 18 U.S.C. § 1957 were invalid under United States v. Santos, 553 U.S. 507 (2008). Additionally, Baum argued that his trial counsel failed to conduct an investigation and present mitigating evidence at his sentencing.

Without a hearing, the district court denied Baum's § 2255 petition. Baum appealed this denial, and the district court granted him a COA to appeal his claim of ineffective assistance for failure to argue that his money laundering convictions were invalid under Santos. However, the court denied his request for a COA on the second issue. Baum thus appeals the Santos issue and seeks a COA from this court on his other ineffective assistance claim.

**II**

"In considering the denial of a § 2255 motion for post-conviction relief, we review the district court's findings of fact for clear error and its conclusions of law de novo." United States v. Rushin, 642 F.3d 1299, 1302 (10th Cir. 2011). An ineffective assistance claim presents a mixed question of law and fact, but is ultimately reviewable de novo. Id.

To establish a claim for ineffective assistance of counsel, a defendant must show: (1) his counsel's performance was constitutionally deficient; and (2) counsel's deficient performance was prejudicial. Strickland, 466 U.S. at 687. Prejudice is established by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Baum argues on appeal that he was prejudiced by his counsel's performance because: (1) the government has conceded that the Supreme Court's opinion in Santos applies to transactions under 18 U.S.C. § 1957 and specifically, to certain unlawful activities other than illegal gambling; (2) his trial and appellate counsel were constitutionally ineffective for not raising Santos to show that he was actually innocent of money laundering; and (3) the district court improperly relied upon the Sixth Circuit's decision in United States v. Kratt, 579 F.3d 558 (6th Cir. 2009), which does not reflect a correct interpretation of Santos.

-3-

Like the district court, we conclude that Baum has failed to demonstrate that he was prejudiced by his counsel's failure to argue that his convictions were invalid under <u>Santos</u>. After the district court entered its decision on March 4, 2011, we explained that "in <u>Santos</u>, . . . a 4-1-4 plurality held that in the context of an illegal gambling operation, proceeds means 'profits' rather than 'gross receipts.'" <u>United States v. Irvin</u>, 656 F.3d 1151, 1165 (10th Cir. 2011). We further "clarified that <u>Santos</u>'s holding must be confined to its factual setting, and that 'proceeds' means 'profits' for the purpose of the money laundering statute <u>only</u> where an illegal gambling operation is involved." <u>Id.</u> (quotation omitted). Thus, "[i]n cases not involving illegal gambling operations, 'proceeds' means 'gross receipts.'" <u>Id.</u>

Given our clear precedent limiting <u>Santos</u> to the illegal gambling context, that case provides no basis for overturning Baum's money laundering convictions because they involved real estate fraud. <u>See</u> <u>id.</u> Accordingly, Baum suffered no prejudice as a result of his counsel's failure to make a <u>Santos</u> argument. Moreover, Baum's argument that the district court incorrectly relied on the Sixth Circuit's decision in <u>Kratt</u> is foreclosed by <u>Irvin</u>, which vindicates the district court's decision.

**III**

Next, we turn to Baum's application for a COA to appeal his claim of ineffective assistance of counsel at sentencing. "[A] COA will issue only if the

applicant has made a substantial showing of the denial of a constitutional right." United States v. Tony, 637 F.3d 1153, 1157 (10th Cir. 2011) (quotation omitted). "To make such a showing, an applicant must demonstrate 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Id. (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

We deny Baum's application for a COA. The district court acknowledged that Baum's "attorney did not offer mitigating evidence at sentencing, limiting his presentation to argument." The court pointed out, however, that Baum did not indicate what witnesses or evidence could have been presented or how his sentence would have been different. Likewise on appeal, Baum has not explained what additional mitigating evidence should have been introduced at sentencing, let alone how he was prejudiced by its omission. See Rushin, 642 F.3d at 1302.

The judgment of the district court is **AFFIRMED**, and appellant's application for a COA is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-