FILED
United States Court of Appeals
Tenth Circuit

August 21, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMON VELASCO,

Defendant - Appellant.

No. 14-5074
(D.C. Nos. 4:13-CV-00708-GKF-FHM
& 4:12-CR-00132-GKF-1)
(N.D. Okla.)

ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Ramon Velasco, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 habeas corpus petition. Velasco also asks to proceed *in forma pauperis*. We deny Velasco's application for a COA on procedural grounds, deny his motion for leave to proceed on appeal *in forma pauperis* as moot, and dismiss his appeal.

On October 24, 2012, a federal jury convicted Velasco of (1) possessing with intent to distribute methamphetamine, and (2) conspiring to distribute the same. The district court then sentenced Velasco to 188 months in jail. Velasco challenged only his sentence on appeal, and we affirmed. See United States v. Velasco, 543 F. App'x 759 (10th Cir. 2013). Soon thereafter, Velasco filed a § 2255 petition with the

district court, which the court denied. The court held Velasco's claims lacked merit and, in any event, were procedurally barred because he failed to raise them on direct appeal. The court also denied a COA, and Velasco appealed.

In deciding whether to issue a COA when the district court denies a habeas petition on procedural grounds, we must determine whether the petitioner has made a substantial showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, the court based its procedural rejection on Velasco's failure to bring the arguments contained in his petition on direct appeal. And indeed, we have held "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).

In his original petition and on appeal, Velasco challenges (in various ways) the validity of his indictment. For example, he alleges "the government attorney appears to simply have drafted a charging instrument" rather than "make presentation of the allegations to the grand jury for a vote of at least 12 concurring to indict." Velasco does not dispute the district court's finding that he did not bring indictment-related arguments on direct appeal, nor could he. See Velasco, 543 F. App'x 759. Instead, he contends waiver does not apply here because, by attacking the indictment, he has

2

"advance[d] a *subject matter jurisdiction* challenge." (emphasis added).

For Tenth Circuit support Velasco relies solely on United States v. Tony, 637 F.3d 1153 (10th Cir. 2011), where we stated—in the context of a § 2255 petition—that "[s]ubject-matter jurisdiction cannot be forfeited or waived because it involves a court's power to hear a case." Id. at 1158–59 (internal marks omitted). Problem is, Velasco fails to take into account the remainder of what we said—and held—in Tony. "[T]he term 'jurisdiction,'" our Tony panel noted, "is often misused." Id. at 1157. Indeed, we explicitly spelled out its limitations: "[T]he beginning and the end of the 'jurisdictional inquiry'" in "every federal criminal prosecution . . . comes from 18 U.S.C. § 3231." Id.[1] We then went on to *reject* the proposition that allegations of a faulty indictment trigger subject-matter jurisdiction concerns under § 3231. There, the petitioner contended subject-matter jurisdiction was implicated when "the indictment failed to state a crime." Id. at 1159. *Au contraire*, we held: "[A]sserting the indictment failed to state an offense . . . is untimely when raised for the first time in a § 2255 motion." Id. Even more apropos, for support we cited United States v. Valadez-Camarena, 402 F.3d 1259 (10th Cir. 2005), a case where we rejected, without considering the merits, a "post-judgment challenge to the indictment within a § 2255 motion because it was untimely." Tony, 637 F.3d at 1159 (citing Valadez-Camarena, 402 F.3d at 1261).

---

[1] Under 18 U.S.C. § 3231, "The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."

The same applies to the sole Supreme Court decision cited by Velasco, <u>United States v. Cotton</u>, 535 U.S. 625 (2002). In <u>Cotton</u>, the Court did state that "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." <u>Id.</u> at 630. The Court also explained, however, that the term "jurisdiction" means only "the courts' statutory or constitutional *power* to adjudicate the case," <u>id.</u> (emphasis in original), and that "defects in an indictment *do not* deprive a court of its power to adjudicate a case." <u>Id.</u> (emphasis added).

Simply put, reasonable jurists would not debate the district court's procedural ruling here because the only two cases relied on by Velasco directly foreclose his own position. A collateral attack on an indictment is *not* a challenge to subject-matter jurisdiction, <u>see</u> <u>Tony</u>, 637 F.3d at 1157–59; <u>Cotton</u>, 535 U.S. at 630–31, thus Velasco waived such an attack on his indictment by not bringing it on direct appeal.[2] As such, we DENY Velasco's motion for a certificate of appealability, DENY his motion to proceed *in forma pauperis* as moot, and DISMISS his appeal.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

---

[2] Velasco does not attempt to "show cause for his procedural default and actual prejudice," nor does he attempt to "show that a fundamental miscarriage of justice will occur if his claim is not addressed." <u>Allen</u>, 16 F.3d at 378.