FILED
United States Court of Appeals
Tenth Circuit

August 13, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

RAMON VELASCO,

      Petitioner - Appellant.

No. 15-5015
(D.C. Nos. 13-CV-00708-GKF-FHM
and 4:12-CR-00132-GKF-1)
(N.D. Okla.)

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-Appellant Ramon Velasco, a federal inmate appearing pro se,

seeks a certificate of appealability (COA) to appeal from the district court's

denial of his Rule 60(b) motion. Mr. Velasco argues that the district court failed

to resolve all of the claims raised in his unsuccessful § 2255 motion. 28 U.S.C. §

2255. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we deny his request

for a COA and dismiss the appeal.

Background

On October 24, 2012, Mr. Velasco was convicted of conspiracy to

distribute methamphetamine and possession with intent to distribute

methamphetamine and was sentenced to 188 months' imprisonment. On direct appeal, this court affirmed his sentence. United States v. Velasco, 543 F. App'x 759 (10th Cir. 2013).

On October 28, 2013, Mr. Velasco filed a § 2255 motion challenging his conviction. First, he argued that he was improperly charged by information rather than indictment, as no record of concurrence was entered on the docket indicating that all twelve jurors voted to indict. No. 4:12-CR-132-GKF-1, Dkt. No. 197, at 8. Second, he argued that the government fraudulently filed his indictment with an electronic signature. Id. at 15.

Mr. Velasco's claims were not raised on direct appeal and were thus procedurally barred. Dkt. No. 208, at 3. In addition, the district court rejected both claims on their merits. When arraigned, Mr. Velasco confirmed that he had read the indictment and understood the charges against him. Id. at 2. Thus, Mr. Velasco was charged by indictment. Id. In addition, the district court held that the jury foreman's electronic signature was sufficient for an indictment. Id. at 3. This court denied Mr. Velasco's request for a COA. United States v. Velasco, 576 F. App'x 824 (10th Cir. 2014).

In his Rule 60(b) motion, Mr. Velasco claims that the district court procedurally erred by failing to address all of his arguments. According to Mr. Velasco, the district court misread his § 2255 motion and did not address whether an indictment was properly "found" against him. 1 R. 19. Unpersuaded, the

- 2 -

district court denied Mr. Velasco's Rule 60(b) motion, holding that it had not overlooked any properly presented claim. Thus, Mr. Velasco failed to identify any exceptional defect that would warrant relief. Id. at 24–26.

## Discussion

Mr. Velasco is appealing the denial of a Rule 60(b) motion in the context of a collateral attack; thus, he must obtain a COA to proceed. Spitznas v. Boone, 464 F.3d 1213, 1217–18 (10th Cir. 2006). A COA may only be issued if "reasonable jurists could debate whether… the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Mr. Velasco does not specify which subsection of Rule 60(b) he relies upon, but the only provision potentially implicated is 60(b)(6). Rule 60(b)(6), the catchall provision, permits relief from a final judgment for "any other reason that justifies relief." Relief under this provision "is extraordinary and may only be granted in exceptional circumstances." Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (citation omitted).

It is unclear whether the district court, in denying Mr. Velasco's § 2255 motion, substantively addressed his argument that he was not properly indicted because no record of concurrence appeared on the indictment. However, even

assuming it did not, relief under Rule 60(b)(6) is unwarranted, as the district court's reasons for rejecting his claims on procedural grounds apply with equal force to such a claim. Any allegation that his indictment was faulty was untimely because Mr. Velasco did not raise it on direct appeal. See Velasco, 576 F. App'x at 825. And, contrary to Mr. Velasco's repeated assertions, defects in an indictment do not deprive a court of jurisdiction. United States v. Cotton, 535 U.S. 625, 630–31 (2002); see also United States v. Maravilla, 566 F. App'x 704, 707 (10th Cir. 2014) ("[T]he indictment's not including a voting tally of the grand jurors doesn't render it invalid.").

The district court's denial of Mr. Velasco's Rule 60(b) motion is not reasonably debatable.

We DENY a COA, DENY IFP status, and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -