**IN RE: Stuart N. AULD, Debtor.**

**Stuart N. Auld, Appellant,**

v.

**Sun West Mortgage Company, Inc., Appellee.**

**Nos. 16-3069, 16-3071**

United States Court of Appeals, Tenth Circuit.

Filed June 28, 2017

See also 2014 WL 2780302.

(D.C. Nos. 2:14-CV-02621-CM, 2:14-CV-02620-CM) (D. Kansas)

Stuart N. Auld, Pro Se

Erlene W. Krigel, Krigel & Krigel, Kansas City, MO, for Appellee

Before LUCERO, O'BRIEN, and MORITZ, Circuit Judges.

## ORDER AND JUDGMENT *

Nancy L. Moritz, Circuit Judge

In 2014, Stuart Auld appealed the dismissal of his Chapter 11 bankruptcy case

---

* After examining the briefs and appellate record, this panel has determined unanimously

and its related adversary proceeding to the district court.[1] On March 26, 2015, the district court affirmed the bankruptcy court's orders dismissing both cases, and on March 27, 2015, it entered judgment to that effect. More than four months later, on August 7, 2015, Auld filed a motion seeking (1) additional findings of fact and conclusions of law; (2) relief under Fed. R. Civ. P. 60; and (3) an extension of time. The district court denied that motion on March 29, 2016, and Auld filed a notice of appeal six days later, on April 4, 2016.

As a threshold matter, appellee Sun West Mortgage Company, Inc. (Sun West) asks us to dismiss Auld's appeal. Sun West first argues that we must dismiss for lack of jurisdiction because—according to Sun West—Auld's April 4, 2016 notice of appeal is untimely. *See Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (explaining that timely filing of notice of appeal in civil case is jurisdictional requirement).

■ We disagree. Notice of appeal in a civil case must generally "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, Auld filed his April 4, 2016 notice of appeal within 30 days of the district court's March 29, 2016 order. Thus, to the extent Auld seeks to challenge that order, his notice of appeal is timely.[2] *See* Fed. R. App. P. 4(a)(1)(A).

■ Alternatively, Sun West argues that we must dismiss for lack of jurisdiction because Auld's notice of appeal doesn't satisfy Fed. R. App. P. 3(c). Specifically, Sun West asserts that Auld's notice of appeal fails to adequately "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B); *see Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016) ("Like Rule 4(a)(1)(A)'s 30-day filing deadline, Rule 3(c)(1)(B)'s designation requirement is jurisdictional.").

We agree with Sun West that Auld's notice of appeal lacks specificity: it refers broadly to the final orders of both the district court and the bankruptcy court. Yet "[e]ven if a notice fails to properly

---

that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

1. Because Auld proceeds pro se, we liberally construe his filings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *See id.*

2. Auld suggests we have jurisdiction to review more than just the district court's March 29, 2016 order: he cites Fed. R. App. P. 4(a)(1)(A) and Fed. R. App. P. 4(a)(4)(A) for the proposition that the filing of certain postjudgment motions will extend the 30-day deadline for appealing the judgment itself. For instance, if a party files a motion "for relief under [Fed. R. Civ. P. 60] no later than 28 days after the

judgment is entered," then the 30-day deadline for appealing the judgment doesn't start to run until the district court rules on the party's Fed. R. Civ. P. 60 motion. Fed. R. App. P. 4(a)(4)(A)(vi).

Auld appears to be asserting that his August 7, 2015 motion seeking, inter alia, relief under Fed. R. Civ. P. 60 triggered Fed. R. App. P. 4(a)(4)(A)(vi), thus giving Auld 30 days from the district court's March 29, 2016 order in which to appeal the district court's earlier March 27, 2015 judgment. But to invoke Fed. R. App. P. 4(a)(4)(A), Auld had to file his motion "for relief under Rule 60 ... no later than 28 days after the judgment [was] entered." Fed. R. App. P. 4(a)(4)(A)(vi). Because Auld instead filed his August 7, 2015 motion more than four months after the district court entered its March 27, 2015 judgment, Fed. R. App. P. 4(a)(4)(A) doesn't apply. Thus, Auld's April 4, 2016 notice of appeal is only timely as to (and thus only affords us jurisdiction over) the district court's March 29, 2016 order.

designate the order from which the appeal is taken, this [c]ourt has jurisdiction if the appellant's intention was clear." *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007). Here, Auld's "intention" to appeal the district court's March 29, 2016 order is "clear," *id.*; that order is the only order attached to his notice of appeal. Accordingly, we retain jurisdiction over this appeal.

■ Next, Sun West urges us to dismiss based on Auld's alleged failure to comply with Fed. R. App. P. 28(a), which requires an appellant's brief to contain, e.g., "a statement of the issues presented for review." Fed. R. App. P. 28(a)(5). We decline this invitation as well. Even assuming that Auld's brief fails to satisfy Rule 28's requirements, we generally treat an appellant's failure to comply with Rule 28 as a basis for affirming the district court's judgment below, rather than as a basis for dismissing an appeal altogether. *See, e.g., Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005) (affirming, rather than dismissing, where pro se appellant not only failed to comply with Rule 28 but also filed briefs that did "little more than attempt to impugn (without basis) the integrity of the district judge").

Finally, Sun West asserts that to the extent Auld seeks a writ of mandamus, we should dismiss because Auld fails to comply with Fed. R. App. P. 21(a)(2)(B). But in his response to Sun West's motion to dismiss, Auld explicitly disclaims any argument that he's entitled to a writ of mandamus, thus mooting Sun West's argument. Accordingly, we deny Sun West's motion to dismiss and turn to the merits of Auld's appeal.

In denying Auld's August 7, 2015 motion, the district court reasoned that (1) it provided adequate findings of facts and conclusions of law in its original order by incorporating those of the bankruptcy court; (2) to the extent that Auld's motion

presented arguments and evidence, either the district court had already considered those arguments and that evidence or Auld had failed to explain his failure to timely present those arguments and that evidence; and (3) Auld didn't need an extension of time.

■ Because Auld's opening brief fails to identify any errors in the district court's proffered bases for denying his August 7, 2015 motion, Auld has waived any challenge to that ruling. *See United States v. Apperson*, 441 F.3d 1162, 1195 (10th Cir. 2006) (noting that it's "insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal"; instead, appellant must explain how district court erred (quoting *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992))). Thus, we may largely affirm the district court's March 29, 2016 order without addressing the arguments that Auld *does* advance, which seem to attack earlier rulings by the district court, the bankruptcy court, and a state court.

We note two potential exceptions to this general statement. First, Auld appears to assert that Sun West lacks constitutional standing, thus depriving both the bankruptcy court and the district court of subject-matter jurisdiction over the underlying matters. *See Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *United States v. Tony*, 637 F.3d 1153, 1157-58 (10th Cir. 2011) (explaining that challenge to court's subject-matter jurisdiction can't be waived).

But while Auld purports to be arguing that Sun West lacks constitutional stand-

ing, it appears he is actually arguing that Sun West lacks *statutory* standing: he asserts that Sun West isn't "the real party in interest." Aplt. Br. 23; *see* 11 U.S.C. § 1109(b) ("A party in interest … may raise and may appear and be heard on any issue in a case under this chapter."); *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 884 (9th Cir. 2012) (classifying standing under § 1109(b) as statutory standing); *see also* Aplt. Br. 28 (citing Kan. Stat. Ann. § 60-217 for proposition that action must be prosecuted in name of real party in interest).

■ Questions of statutory standing aren't jurisdictional, *see Niemi v. Lasshofer*, 770 F.3d 1331, 1346 (10th Cir. 2014), and therefore may be waived through inadequate briefing, *cf. Merrimon v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 53 n.3 (1st Cir. 2014). And because Auld fails to provide any citations to the record that might support his statutory-standing argument, Auld has waived that argument. Thus, we decline to consider it. *See* Fed. R. App. P. 28(a)(8)(A) (requiring appellant's brief to contain "appellant's contentions and the reasons for them, with citations to the … parts of the record on which the appellant relies"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting we routinely refuse to consider arguments that fail to meet Rule 28's requirements).

■ Second, Auld asserts that the bankruptcy court lacked "constitutional authority to enter a final order." Aplt. Br. 30. In support, Auld cites *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). But in *Stern*, the Supreme Court held only that bankruptcy courts lack authority to enter final judgments in state-law actions that are "independent of the federal bankruptcy law and not necessarily

resolvable by a ruling on the creditor's proof of claim in bankruptcy." *Id.* at 487, 131 S.Ct. 2594. We see no indication that the bankruptcy court entered judgment in such a state-law action here. On the contrary; the bankruptcy court repeatedly and explicitly refused to re-litigate any underlying state-law questions. Thus, *Stern* doesn't apply. Accordingly, we reject this argument and affirm the district court's denial of Auld's August 7, 2015 motion.

* After examining the briefs and appellate record, this panel has determined unanimously